Dear Mr. Dickey:
This office is in receipt of your request regarding the Town's chief of police. You indicate, in accordance with R.S. 33:381, the chief of police of the Town of Oil City is an appointed position. An ordinance was introduced setting forth rules, regulations and qualifications of the appointed chief of police. Inasmuch as these rules, regulations and qualifications are narrowly drawn so that you are bound to appoint the current chief of police, you feel this contradicts the law that allows a mayor to recommend an appointment at the first regular meeting. Accordingly, you ask whether the Board of Aldermen can pass an ordinance which would establish rules and regulations and qualifications which would be binding as to the chief of police you are to appoint.
In accordance with R.S. 33:381(A), the officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk. While Section (B) sets forth that the mayor and chief of police in all municipalities shall be elected at large, we find in Section (C) a series of exceptions that the chief of police shall not be elected but shall be appointed by the mayor upon approval of a majority vote of the board of aldermen which includes the town of Oil City in paragraph (15).
Therein it sets forth "the chief of police of the town of Oil City shall not be elected at large but shall be appointed by the mayor upon approval by majority vote of the board of aldermen of said town". The statute further provides that "mayor and the board of aldermen shall establish the duties, qualifications, and responsibilities of the chief of police" and further directs that the "chief of police shall report directly to the mayor." (Emphasis added.)
Accordingly, the mayor may appoint any person he chooses, but as observed by this office in Atty. Gen. Op. 02-10, "If the appointee selected by the mayor is not approved by the aldermen, the mayor must continue to make selections until obtaining the approval of the board."
Therefore, pursuant to the provisions of the latter statute we do not find that the Board of Aldermen can pass an ordinance which would establish the duties, qualifications and responsibilities of the chief of police without the concurrence of the mayor, and we further note that R.S. 33:381(15) provides that the term of office of the chief of police shall be concurrent with that of the appointing mayor and aldermen.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCFJR.\bbr